```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
```
-------------------------------------------------------x
MALCOLM JOHNSON,                          :
an individual,                            :     CASE NO.:
                                          :
         Plaintiff,                       :
                                          :     Judge:
vs.                                       :
                                          :
                                          :     Magistrate:
                                          :
NORTH OAKS GROUP, INC.,                   :
                                          :
                                          :
         Defendant.                       :
-------------------------------------------------------x

## **COMPLAINT**

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, MALCOLM JOHNSON, by and through his undersigned counsel, hereby files this Complaint and sues NORTH OAKS GROUP, INC. (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## **JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, MALCOLM JOHNSON, (hereinafter referred to as "MR. JOHNSON"), is a resident of St. Louis County, Missouri. MR. JOHNSON resides only two and a half (2.5)

miles away from the facility which is the subject of this action.

4. MR. JOHNSON is a qualified individual with a disability under the ADA. MR. JOHNSON suffers from chronic obstructive pulmonary (COPD) which makes walking distances more than a few feet difficult or impossible for MR. JOHNSON without a mobility device. When MR. JOHNSON has to walk more than a few feet, he suffers difficulty breathing.

5. MR. JOHNSON also suffers from arthritis in both knees and Osteoarthritis in his left knee, which makes walking more than a few feet extremely painful for MR. JOHNSON.

6. Due to his disability, MR. JOHNSON is substantially impaired in several major life activities and requires an electric scooter, a wheelchair, or a walker for mobility.

7. Upon information and belief, DEFENDANT is a limited liability company organized in the State of Missouri and doing business in St. Louis County.

8. Upon information and belief, DEFENDANT is domiciled at 23 North Oaks Plaza, Suite 215, St. Louis, Missouri 63121.

9. Upon information and belief, DEFENDANT is the owner of the real properties and improvements that are the subject of this action, to wit: North Oaks Plaza, located at 1-23 North Oaks Plaza, St. Louis, Missouri 63121. (hereinafter referred to as "the Property").

10. The Property is a shopping center and contains such tenants as Subway, Save-a-lot grocery store, and TitleMax Title Loans.

11. DEFENDANT is obligated to comply with the ADA.

12. All events giving rise to this lawsuit occurred in the Eastern District of Missouri, St. Louis County, Missouri.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

13. MR. JOHNSON realleges and reavers Paragraphs 1 - 12 as if they were expressly restated herein.

14. The Property is a place of public accommodation, subject to the ADA, generally located at: 1-23 North Oaks Plaza, St. Louis, Missouri 63121.

15. Upon information and belief, MR. JOHNSON has visited the Property numerous times and desires to visit the Property again in the near future. MR. JOHNSON lives only two and a half (2.5) miles away from the Property.

16. The Property is also directly adjacent to a McDonald's restaurant.

17. Upon information and belief, MR. JOHNSON last visited the McDonald's restaurant as a patron on Friday, November 4, 2016.

18. Upon information and belief, on MR. JOHNSON's last visit to the McDonald's restaurant as a patron, MR. JOHNSON observed many of the barriers which are the subject of this action.

19. At various times, MR. JOHNSON has personally observed or encountered all of the barriers which are the subject of this action.

20. Due to the accessibility barriers discussed below, MR. JOHNSON is presently deterred from patronizing the stores located in the Property.

21. During his visits, MR. JOHNSON has experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers as discussed in Paragraph 26.

22. MR. JOHNSON continues to desire to visit the Property, but fears that he will continue to experience serious difficulty due to the barriers discussed in Paragraph 26 which still exist.

23. The barriers discussed below in Paragraph 26 are excluding MR. JOHNSON from the programs and activities offered the Property.

24. MR. JOHNSON plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

25. MR. JOHNSON presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

26. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

  I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

   A. The accessible-designated parking spaces at the facility are not adequately dispersed. At the right bank of the facility (facing the shopping center), there is a complete absence of accessible-designated parking spaces. Accordingly, there are no accessible parking spaces serving tenants such as Subway.

   B. At the middle of the facility near the Save-a-lot grocery store, there are accessible-designated parking spaces which have access aisles which reduce to an impermissible width.

   C. At the left bank of the facility near the Dollar Tree, the curb ramp

        impermissibly projects into the vehicular way and fire lane.

    D.    At the left bank of the facility near the TitleMax Title Loan store, there are two accessible designated parking spaces. Both accessible-designated parking spaces are not marked with vertical signage. Additionally, both accessible-designated parking spaces are impermissibly faded and non-visible.

    E.    Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property;

27. MR. JOHNSON continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 26 are removed.

28. MR. JOHNSON intends to and will visit the Property to utilize the goods and services in the future, but fears that DEFENDANT will continue to discriminate against him by failing to modify the barriers at the Property.

29. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

30. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

31. Upon information and belief, removal of the barriers to access located on the Property would provide MR. JOHNSON with an equal opportunity to participate in, or benefit from,

the goods, services, and accommodations which are offered to the general public at the Property.

32. Independent of his intent to return as a patron to the Property, MR. JOHNSON additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

33. MR. JOHNSON has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. JOHNSON demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. JOHNSON; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

*(signature block on next page)*

Respectfully Submitted,

**Bizer & DeReus**
Attorneys for Plaintiff
Garret S. DeReus (MO # 68840)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: /s/ Garret S. DeReus
    Garret S. DeReus